Herbert Thomas MITCHELL, Jr. *v.* Helen Thayer MITCHELL

82-258                                           648 S.W.2d 51

Supreme Court of Arkansas
Opinion delivered March 21, 1983

*Martin, Vater & Karr,* by: *Charles Karr,* for appellant.

*Hardin, Jesson & Dawson,* for appellee.

JOHN I. PURTLE, Justice. Appellant was granted a divorce in Sebastian County, Arkansas on September 9, 1981. The court withheld disposition of the property until March 30, 1982, at which time appellant was ordered to return to the appellee certain items of furniture and furnishings held by the appellant. The appeal is from the later order; it is argued that the trial court erred in awarding the appellee any property held by appellant. We are of the opinion that the trial court acted properly and affirm.

The parties to this action were married in 1955. Shortly thereafter the appellee inherited some furniture and furnishings from her mother. It is these items with which we are

concerned. In 1973 appellant, a foreign service officer with the United States Department of State, was reassigned from Honolulu, Hawaii to Washington D.C. The appellee and the children stayed in Hawaii. Appellant took an assignment to Bogota, Colombia, and was not accompanied by appellee and the children. He returned to Washington in 1975 and the furniture was shipped from Hawaii to him in Washington during that year. On April 2, 1976 appellant filed suit for divorce in Virginia. Appellee filed no answer and appellant was granted a divorce on June 18, 1976. He married again on September 11, 1976 and a child was subsequently born to this marriage. On June 16, 1978 appellee petitioned the Virginia court to set aside the Virginia divorce and later asked for separate maintenance. The divorce was set aside on January 6, 1981. At that time appellant was stationed at Fort Chaffee, Arkansas. On March 19, 1981 he filed suit for divorce in Sebastian County and the divorce was granted on September 9, 1981. However, the court withheld a decision on the appellee's claim for the property in the possession of the appellant. On March 30, 1982 the remaining issues were heard, and appellant was ordered to return, freight pre-paid, certain items of personal property to the appellee. It is from this order that the appellant brings his appeal.

Appellant's argument in chief is that appellee was barred from asserting her counterclaim because of the statute of limitations. His argument is founded upon the fact that the property was shipped to him in Washington D.C., in 1975, with the express knowledge and consent of the appellee. Therefore, he argues that the statute of limitations ran prior to the commencement of her 1978 suit to set aside the Virginia divorce.

The sole issue before this court is whether appellant is bound to return to appellee the items of property now in his possession which were inherited by the appellee during the marriage. When the divorce was obtained in Virginia the property rights between the parties were not settled. Apparently the Virginia court granting the divorce had no authority to dispose of personal property owned by either of the parties. The trial court in Sebastian County did not

attempt to rule on the legal effect of the proceedings in the state of Virginia nor did it address the question of the running of the statute of limitations. The appellant commenced an original action in this state, therefore, the case is legally no different from any other divorce proceeding in Arkansas under the same or similar facts. The Arkansas statute of limitations could not begin to run until notice of the Arkansas divorce action was given to the other party.

Under the circumstances we think the court properly proceeded pursuant to the provisions of Ark. Stat. Ann. § 34-1214 (Supp. 1981). This is the controlling statute relating to disposition of this property. The trial court found that the items were neither gifts to appellant nor were they abandoned by the appellee. There being no evidence in the record, nor in the appellant's brief, that the property in question was not inherited by the appellee, we must affirm the decree of the chancery court.